# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERRY SILVERSTEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 19-cv-195-KD-N |
| WEATHER SHIELD MFG., INC., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on the Motion to Remand (Doc. 8) filed by Plaintiff Jerry Silverstein ("Silverstein"), to which the Defendants Weather Shield Mfg., Inc. ("Weather Shield") has filed a response in opposition (Doc. 10) and Silverstein filed a reply. (Doc. 11). This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Silverstein's Motion to Remand (Doc. 8) be **GRANTED**.

## I. Procedural History

On March 14, 2019, Silverstein filed a complaint in the Circuit Court of Mobile County, Alabama, alleging breach of settlement agreement, fraud in the inducement, and unjust enrichment against Weather Shield. (Doc. 1). On April 16, 2019, Weather Shield filed a notice of removal pursuant to 28 U.S.C. § 1332, 1441 and 1446. Weather

Shield contends that removal is proper because the Complaint seeks damages relating to the "alleged material breach of a settlement entered in response to a lawsuit that was filed in this Federal Court." (Doc. 1). Weather Shield maintains that removal is proper under § 1441(a), because this Court has original jurisdiction[1]. In addition, Weather Shield asserts that this Court has original jurisdiction under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where, the amount in controversy exceeds $75,000, exclusive of interest and costs.

Previously, Silverstein filed suit against Weather Shield in this Court in January 2017, styled *Jerry Silverstein v. Weather Shield Mfg., Inc.*, United States District Court, Southern District of Alabama, Southern Division, Case Number 1:17-cv-00012. Prior to trial, the parties reached a settlement ("settlement agreement"). (Doc. 1-1 at 18). Pursuant to the terms of the agreement, Weather Shield agreed to pay $61,900.00 and replace all of the windows and window sashes at Silverstein's home. (Doc. 1-1 at 20). Weather Shield paid the amount and commenced work on the house. After some work was completed, Weather Shield claimed that eight windows on the house were considered "fixed doors" and ceased repair. Silverstein alleges, in sum, that Weather Shield failed to honor that settlement agreement.

---

[1] 28 U.S.C.A §1441(a), "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## II. Applicable Legal Standards

After a plaintiff files a civil action in a state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the state in which action was brought. 28 U.S.C.A §1441(a), *See also Caterpillar Inc. v. Lewis*, 117 S.Ct 467 (1196). Upon removal, the removing party "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Just as a plaintiff bringing an original action is bound to assert jurisdictional bases under Rule 8(a), a removing defendant must also allege the factual bases for federal jurisdiction in its notice of removal under 28 U.S.C. A §1446(a)." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2207). Therefore, Weather Shield bears "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287(11th Cir. 1998).

"The party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the…jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058,1061(11th Cir. 2010), *See also Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office*

3

*Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). "Courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

28 U.S.C. § 1446 (c)(2)(B) provides that "removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by preponderance of the evidence, that the amount in controversy exceeds the amount specified in Section 1332(a)." "Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court. In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 28 U.C.S.A. §1446(c)(2)(B), *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 549 (2014). "In sum, as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

### III. Analysis

Prior to the instant suit and pursuant to a settlement agreement negotiated by the parties, Weather Shield was to replace all window sashes with a lifetime warranty at Silverstein's home. Silverstein now argues that Weather Shield breached the "lifetime warranty in the installation of the windows and doors in his home." (Doc. 8 at 1). Specifically, in February 2019, after repair and replacement of the windows ceased, Silverstein disagreed with the classification of his eight windows being

4

considered as "fixed doors" by Weather Shield.

Silverstein did not make a demand in excess of $75,000.00 in the suit filed in the Circuit Court of Mobile County. Silverstein notes that in the Mobile County Circuit Court the "filing fee for claims less than $50,000.00 is $260.00" and he "paid this filing fee indicating that the claim would not exceed $50,000.00" (Doc. 8 at 2-3).

Weather Shield maintains that the claim will, in fact, be more than $75,000.00. Weather Shield argues that Silverstein does not present evidence "that the Complaint only seeks recovery as to the eight (8) stationary French doors not covered by the contract." (Doc. 10 at 3). Rather, Weather Shield calculates the total value of the contract relying upon the previously paid amount of $61,900.00, (the amount agreed upon within the settlement agreement from the previous case entitled *Silverstein v. Weather Shield Mfg., Inc.*, 1:17-cv-00012-KD-N); replacement of all window sashes to the home, which is valued at $38,414.00; and the cost to install the windows at $72,000.00 to exceed the federal amount requirement.

Weather Shield's argument that the previously paid amount in its calculations should be included to determine the jurisdictional amount is misplaced. The previously paid amount is not mentioned in Silverstein's complaint, nor is there any dispute that this sum has been paid in full. Therefore, the amount is not properly considered in establishing the amount in controversy.

Pursuant to the settlement agreement, Weather Shield was to replace all window sashes which was valued at $38,414.00. It is undisputed that work was conducted and window sashes were replaced to some windows. This instant dispute

5

arose after Weather Shield halted repairs because they deemed eight windows to be eight "fixed doors" on the home. The only value for the window sashes that should be calculated and offered for evidence is for the eight "fixed doors". Weather Shield maintains that, "the costs associated with the doors [fixed doors] … exceeds the jurisdictional numbers as the products themselves cost approximately $18,762.34… exclusive of the installation costs which are estimated in the $15,000.00 range." (Doc. 10 at 3). Exhibit "C" provides an itemized statement for the eight fixed doors.

> For the "Premium Series Generic Mull and Stack Combination 1 wide Complete Unit," totaled $6,284.05; the "Premium Series French Side Hinge 2 Panel Rectangle 8610 1 Wide Complete Unit," totaled $4,024.00; the "Premium Series Generic Mull and Stack Combination Direct Set 1 Wide Complete Unit," totaled $5,860.00; and the "Premium Series Generic Mull and Stack Combination Direct Set 1 Wide Complete Unit," is totaled at $2,594.29.

The invoice presented as Exhibit "C" represents a total of $18,762.34. In addition to the estimated installation cost of $15,000.00, the total thus far, does not meet the requirement for the amount in controversy.

Finally, Weather Shield estimates the cost and labor to install the window sashes at approximately $72,000.00. However, Weather Shield reports that to date, $41,253.67 of the estimation has been spent on repairs and there remains an estimation of $30,000.00 in work. (Doc. 10 at 3). Silverstein does not dispute this calculation. Therefore, only the remaining estimated balance of $30,746.33 should be calculated for attaining the amount in controversy.

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction such all uncertainties as to removal

6

jurisdiction are to be resolved in favor of remand." *Russell Corp v. American Home Assoc. Co.*, 246 F.3d 1040, 1050 (11th Cir. 2001) *citing Rachel v. PNC Bank, NA*, 2017 WL 1362034 (S.D. Ala. April 10, 2017). In *Rachel*, plaintiff sought damages for trespass mental anguish and punitive damages seeking an excess of $50,000.00 in damages in a state court. The defendant removed the case to this court arguing that the damages stated in the complaint facially exceeded the $75,000.00 threshold. Weather Shield asks the Court to speculate about the amount of damages. The undersigned declines to do so. Weather Shield has failed to "prove by a preponderance of the evidence that the amount in controversy," exceeds the jurisdictional requirement. In Rachel, the court held that to "indulge in speculation or fill empty gaps in the plaintiff's factual averments with unfounded assumptions about what the evidence may show." *Id.*

Weather Shield next argues for the application of the "multiplier of compensatory damages." In 2017, this Court held that applying a multiplier in a case would require double speculation by the Court and reiterated that the "value of plaintiff's punitive damages claims cannot be estimated without engaging in impermissible speculation." *Rachel v. PNC Bank,* 2017 WL 1362034 *10. Additionally, the Middle District of Alabama held that the use of multiplier could "trigger grave federalism concerns...whilst "usurping the States' jurisdiction over all but the smallest claims." *Mustafa v. Market Street Mortg. Corp.*, 840 F.Supp.2d 1287 (M.D. Ala. 2012). In *Mustafa,* the defendants asked the court to apply a multiplier to compensatory damages to retain a value of the plaintiff's mental anguish and

7

punitive damages claims. The court reasoned that applying a single digit multiplier to satisfy the amount in controversy requirement removes the removing party's burden to prove to propriety of preponderance of evidence. *Id* at 1292.

Application of a multiplier for punitive damages would lead to "impermissible speculation." The undersigned will not evaluate the plaintiff's potential damages by application of a multiplier to Silverstein's compensatory damages nor the damages from previous suits referenced in Weather Shield's response (Doc. 10).

Weather Shield next contends that "settlement agreements are contracts and thus may be adjudicated in courts with jurisdiction over the contract." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1281 (11th Cir. 2012)(*citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382)(Doc. 10 at 2). "The Supreme Court reasoned that a district court could retain jurisdiction to enforce a settlement agreement with consent of the parties and of the court, provided the district court issues an order requiring compliance with the settlement agreement." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 381, 114 S.Ct at 1677.

After Silverstein and Weather Shield filed a signed joint stipulation of dismissal in the previous case, the motion became self-executing and dismissed the matter upon filing. Although the parties requested that "this Court shall retain jurisdiction to enforce the terms of the settlement agreement," the Eleventh Circuit has held that the district court "has nothing further to do when a stipulation of dismissal without prejudice is filed." *State Treasurer of Mich. v. Barry*, 168 F.3d 8,14 (11th Cir. 1999).

In *Anago*, the court held that after a stipulation of dismissal pursuant to 41

8

(a)(1)(A)(ii), signed by all parties, was filed, a district court can no longer retain jurisdiction. A court does not retain jurisdiction because the stipulation did not contemplate that a court order is necessary to make it effective. After the parties reached a settlement agreement, they filed a stipulation asserting, "that the Court shall reserve jurisdiction to enforce the settlement between the parties pursuant to the terms contained therein." *Id*. at 1274. The court reasoned that within the stipulation there was "no signature line for the district court, and the statement retaining jurisdiction is not a request made to the district court but a declaration of retained jurisdiction.

In the previous case, Silverstein and Weather Shield did not show that a court order would be necessary to be effective, therefore failing to show that this Court retained jurisdiction over this matter concerning the settlement agreement. [2]

## IV. Request for Attorneys' Fees

Silverstein asserts that he "is entitled to attorneys' fees and costs associated with the wrongful removal totaling $1,120.00, maintaining that 'an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USCA §1447(c)(Doc. 8 at 8). Silverstein argues, in sum, that, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked objectively

---

[2] In response to the Parties' Joint Stipulation of Dismissal (Doc. 92), on July 29, 2018, the court entered that, "no order will be entered. *See Anago Franchising, Inc., v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012)." *Jerry Silverstein v. Weather Shield Mfg., Inc*., United States District Court, Southern District of Alabama, Southern Division, Case Number 1:17-cv-00012

9

reasonable basis for seeking removal[3]." *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704,711 (U.S. 2005). Based on the foregoing, Silverstein's Motion for Attorney's Fees is **DENIED**.

## V. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Silverstein's Motion to Remand (Doc. 11) be **GRANTED** and Silverstein's request for Attorney's fees is **DENIED.**

## IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation

---

[3] The undersigned notes that this is the third litigation in this court involving these same parties and the same scope of work contract.

to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of July 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**